UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT CAMPBELL,

    Plaintiff,

vs.

KYM WORTHY, et al.,

    Defendants.
_____/

Civil Action No. 12-CV-11496

HON. BERNARD A. FRIEDMAN

### OPINION AND ORDER GRANTING THE MOTION OF DEFENDANTS CITY OF HARPER WOODS, SPARKS, BENSINGER AND CLOSURDO TO DISMISS

This matter is presently before the Court on the motion of defendants City of Harper Woods, George Sparks, Robert Bensinger and Matthew Closurdo (collectively, "the Harper Woods defendants") to dismiss or for summary judgment [docket entry 16]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff alleges that in October 2011 defendant Sparks, a Harper Woods police officer, searched plaintiff's van and discovered two firearms, a revolver near the front seat and a pistol under the passenger seat. Compl. ¶ 14, 17, 19. Sparks arrested plaintiff on suspicion "of carrying a concealed weapon in a motor vehicle, contrary to MCLA 750.227."[1] *Id.* ¶ 20. The county

---

[1] The relevant paragraphs of § 750.227 state:

> (2) A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license.

prosecutor, defendant Worthy, later authorized criminal charges against plaintiff under this statute. *See id.* ¶ 21. Plaintiff alleges that "[d]efendants continue to prosecute Plaintiff for these charges, despite the fact that the plaintiff has a federally protected right to keep a [sic] bear arms and rights as established by 42 U.S.C. § 1983." *Id.* ¶ 22. Plaintiff alleges he "has a federally protected right to keep and bear arms" under *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), and *District of Columbia v. Heller*, 554 U.S. 570 (2008). Plaintiff claims that his "conduct is clearly covered by the terms of both the 2nd Amendment and 42 U.S.C. § 1983" and that "defendants have acted in disregard of the plaintiff's rights, as established by the Constitution and Statute." *Id.* ¶ 26, 27. For relief, plaintiff seeks a "declaration that the defendant's [sic] acts and omissions violate plaintiff's rights under the 2nd Amendment to the United States Constitution and 42 U.S.C. § 1983"; an "injunction restraining all defendants from continued violation of defendant's [sic] 2nd Amendment rights and those rights secured by 42 U.S.C. § 1983"; and damages, costs and attorney fees. *Id.* pp. 10-11.

The complaint names the following defendants: Wayne County Prosecutor Worthy, the County of Wayne, the City of Harper Woods, officer Sparks, and two other Harper Woods police officers (Bensinger and Closurdo). The Court has dismissed the complaint as to defendants Worthy and County of Wayne due to plaintiff's failure to serve them with process. *See* docket entry 13.

The Harper Woods defendants seek dismissal for various reasons. Initially they note correctly that the complaint must be dismissed as to defendants City of Harper Woods, Bensinger

---

(3) A person who violates this section is guilty of a felony, punishable by imprisonment for not more than 5 years, or by a fine of not more than $2,500.00.

and Closurdo because the complaint makes no allegations as to them. The only specific allegations regarding particular defendants are that Sparks arrested plaintiff and Worthy prosecuted him. The other defendants are simply listed in the "parties" section of the complaint and included within the general allegations made against all defendants collectively.

This pleading style does not suffice to state a claim against defendants City of Harper Woods, Bensinger or Closurdo. In *Marcilis v. Twp. of Redford*, 693 F.3d 589 (6th Cir. 2012), a multi-defendant police misconduct action, the district court dismissed the complaint as to two of the defendants because plaintiff made only general allegations about the defendants collectively, but failed to allege specifically how each individual defendant violated his rights. The district court noted that "[c]ourts are hesitant to accept this form of generalized pleading, especially where § 1983 and/or *Bivens* claims are involved." *Marcilis v. Redford Twp.*, No. 09-11624 (E.D. Mich. Aug. 16, 2010), at 5. The district court dismissed the complaint as to the defendants who sought dismissal on the strength of "post-*Twombly/Iqbal* cases dismissing § 1983 and/or *Bivens* claims where the personal involvement of individual defendants was not pleaded." *Id.* at 7. In affirming, the Sixth Circuit stated:

> Though we have not yet addressed this issue in a published opinion, we have found, in an unpublished opinion, that a complaint failed where a plaintiff "did not allege that particular defendants performed the acts that resulted in a deprivation of [plaintiff's] constitutional rights. This is a requirement in *Bivens* actions such as this one." *Kesterson v. Moritsugu*, 149 F.3d 1183, No. 96–5898, 1998 WL 321008, at *4 (6th Cir. June 3, 1998) (unpublished table decision). The Tenth Circuit has found that a complaint containing only collective references to defendants does not adequately state a *Bivens* claim. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir.2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular

>unconstitutional acts they are alleged to have committed."); *see also Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir.2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [the] minimum standard" that "a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests." (internal quotation marks omitted)). We have made similar statements in the context of non- *Bivens* constitutional tort claims against government actors. *See, e.g., Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir.2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."). Requiring that federal defendants be identified with particularity is also in accord with how the Supreme Court discussed *Bivens* liability in *Iqbal*: "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
>
>The complaint mentions Doyle and Livingston only in paragraph six, for the purposes of identifying them as employees of the Drug Enforcement Administration. Otherwise, the complaint makes only categorical references to "Defendants." We conclude that the district court did not err in dismissing the claims against Doyle and Livingston for failing to "allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman*, 529 F.3d at 684.

693 F.3d at 596-97.

The complaint in the present case suffers from the identical infirmity as did the complaint in *Marcilis*. In both cases, the complaint consists almost entirely of generalized allegations against "defendants" collectively, as opposed to specific allegations as to "what each defendant did to violate the asserted constitutional right." The Court shall dismiss the complaint on this basis as to defendants City of Harper Woods, Bensinger and Closurdo.

The only remaining defendant is Sparks, and the claim against him fails because

plaintiff has no constitutional right to carry a handgun in his car without a permit. The Supreme Court cases cited in the complaint addressed different rights altogether. In *Heller* the Court held that "the District's ban on handgun possession *in the home* violates the Second Amendment, as does its prohibition against rendering any lawful firearm *in the home* operable for the purpose of immediate self-defense." 554 U.S. at 635 (emphasis added). In *McDonald*, the Court held "that the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller*." 130 S. Ct. at 3050. Neither case stands for the proposition that a citizen may carry a handgun in his car without a permit. Indeed, in *Heller* the Court noted that "the right secured by the Second Amendment is not unlimited" and that restrictions on carrying concealed weapons stand on firm footing historically. *Id.* at 626. Plaintiff himself acknowledges that in *Heller* "[t]he [C]ourt recognized the rights of states to regulate the carrying of concealed weapons." Pl.'s Mem. at 5 n.2. The statute under which plaintiff was prosecuted is not, as plaintiff asserts, "a 'blanket' prohibition on law abiding citizens right to possess handguns." *Id.* at 5. Rather, the statute plainly prohibits only the *unlicensed* carrying of a pistol in a vehicle. Plaintiff conceded at his deposition that he never applied for a license. Clearly, plaintiff's rights under *Heller* and *McDonald* were not implicated in this case.

Even if Sparks had violated plaintiff's Second Amendment rights by arresting him on suspicion of carrying weapons in his vehicle without a license, plaintiff's claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff pled guilty to one of the charges, *see* Pl.'s Dep. at 60, and damages could not be awarded in this action without invalidating that conviction. Plaintiff may challenge his conviction only by seeking a writ of habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973), not by seeking declaratory or injunctive relief

collaterally. Moreover, since plaintiff raised and lost the Second Amendment defense in the trial court of the criminal matter, his remedy – which he did not pursue – was to appeal. Plaintiff's instant attempt to overturn that court's ruling is barred both by principles of res judicata and the Rooker-Feldman doctrine. Accordingly,

IT IS ORDERED that the motion of defendants City of Harper Woods, George Sparks, Robert Bensinger and Matthew Closurdo to dismiss or for summary judgment is granted.

_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 5, 2013
   Detroit, Michigan